UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

BRUCE BROWN, et al.,           )
                               )
    Plaintiffs,                )
                               )         Civil Case No.
v.                             )         17-cv-00193-JMH
                               )
INDEMNITY INSURANCE COMPANY    )
OF NORTH AMERICA, et al.,      )
                               )         **MEMORANDUM OPINION & ORDER**
    Defendants.                )

*** 

This matter is before the Court upon Plaintiffs' Motion to Remand [DE 6]. Defendants have filed a Response [DE 7], and Plaintiffs have filed a Reply in further support of their Motion [DE 8].[1]

On or about August 9, 2015, Plaintiffs' Woodford County barn caught fire resulting in damage to the barn. Plaintiffs had a contract of insurance with Defendant Indemnity Insurance Company of North America ("IICNA"). IICNA retained an insurance adjuster, Defendant Adam Rowe, to adjust the loss. On or about August 11, 2015, Rowe inspected the barn and generated an estimate to replace it. He returned to reinspect the barn on a

---

[1] In their Response [DE 7], Defendants have asked the Court to disregard Plaintiffs' Reply on the grounds that Plaintiffs' Motion to Remand "fails" to address any of the legal authority or argument set forth in Defendants' Notice of Removal. The Court declines to do so. Defendants may have made efforts to head Plaintiffs off at the pass, so to speak, but the Court will not cut off the process available to Plaintiffs through motion practice in this instance.

number of occasions.  Ultimately, IICNA issued payment for some aspects of damage to the barn but refused to provide coverage for reconditioning and repainting purlins in the roof of the barn allegedly damaged by the fire.  Plaintiffs demanded that IICNA cover their claim for damage to the purlins on January 19, 2016, and IICNA instructed Rowe to reinspect the purlins to determine whether coverage should be provided.  Rowe hired a third-party laboratory to reinspect the purlins and, with an employee of the laboratory, reinspected the purlins on February 25, 2016.  In reliance on those inspections and reports, IICNA continues to deny Plaintiffs' claim concerning the purlins.

Plaintiffs are domiciled in Woodford County and are citizens of Kentucky.  IICNA is an insurance company formed under the laws of Pennsylvania and is not a citizen of Kentucky. Rowe is domiciled in Jefferson County, Kentucky, and is a citizen of Kentucky for the purposes of evaluating jurisdiction before this Court.  Defendant IICNA removed this action from Woodford Circuit Court to this Court on April 28, 2017, on the grounds that Rowe was fraudulently joined in this action and, thus, his citizenship is irrelevant in determining the Court's jurisdiction over the matter because he is a nominal party.

Ultimately, the Court concludes that Plaintiffs have not asserted any factual averments of wrongdoing to support a colorable bad faith claim against the non-diverse defendant,

2

Rowe. He has been fraudulently joined. As a result, there is complete diversity, and this Court has jurisdiction over this matter for the reasons explained below. The Motion to Remand will be denied.

I.

A case filed in state court is removable only if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "statute has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The burden of establishing diversity

jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

An exception to the complete-diversity requirement arises where a non-diverse defendant has been fraudulently joined. *See id.* ("[The Sixth Circuit] has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A case need not be remanded as the result of fraudulent joinder if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law. *Id.* (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). Although the actual motive of the plaintiff is irrelevant to the fraudulent joinder inquiry, *Jerome-Duncan, Inc. v. Auto-By-Tel Mktg. Corp.*, 176 F.3d 904, 907 (6th Cir. 1999), this test serves as "a proxy for establishing the plaintiff's fraudulent intent. If the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal." *Smith v. SmithKline Beecham Corp.*, No. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011) (citation and internal quotation marks omitted). In cases of fraudulent joinder, the Court "must resolve all disputed questions of fact and ambiguities in the controlling...state law in favor of the nonremoving party," and "[a]ll doubts as to the

4

propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). The removing party bears the "heavy" burden of establishing fraudulent joinder. *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th. Cir. 2011); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)." *Gibson v. Am. Mining Ins. Co.*, No. 08-119-ART, 2008 WL 4602747, at *5 (E.D. Ky. Oct. 17, 2008) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).

## II.

Plaintiffs have averred common law negligence and bad faith claims under both the common law and KRS 304.12-230 and 304.12-235, part of Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), against IICNA and Rowe.  The UCSPA requires, among other things, reasonably prompt acknowledgment and action upon communication with respect to claims arising under an insurance policy and that "[a]ll claims arising under the terms of any contract of insurance shall be paid to the named insured person or health care provider not more than thirty (30) days from the date upon which notice and proof of claim, in the substance and form required by the terms of the policy, are furnished the insurer." KRS 304.12-235(1). KRS 304.12-235(2) further provides

that, "[i]f an insurer fails to make a good faith attempt to settle a claim within the time prescribed in subsection (1) of this section, the value of the final settlement shall bear interest at the rate of twelve percent (12%) per annum from and after the expiration of the thirty (30) day period." Finally, subsection (3) provides for recovery of attorneys fees in certain circumstances.

The UCSPA does not define "person," and the courts of Kentucky have yet to clearly determine whether claims under the USCPA can be asserted against claims adjusters such as Rowe. *See Davidson v. Amer. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000) (holding that the USPCA has no application to an uninsured entity under no contractual obligation to pay the tort claim and, thus, a claim under KRS 304.12-230(6) and the tort of "bad faith" apply only "to those persons or entities (and their agents) who are 'engaged…in the business of entering into contracts of insurance'"); *Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738 (Ky. Ct. App. 2004) (holding that, for a bad faith claim to lie, there must be a contractual obligation to pay a tort claim but not addressing whether agent of insurer is subject to the USPCA or liable under common law bad faith claim). Until the courts of Kentucky do so, these matters will likely continue to be resolved in favor of remand for the non-removing party averring bad faith claims against an insurance

agency and its adjuster.  *See North Amer. Specialty Ins. Co. v. Pucek*, Civil Action No. 5:09-cv-49-JMH, 2009 WL 4711261 (E.D.Ky. Nov. 4, 2009); *accord Collins v. Montpelier U.S. Ins. Co.*, Civil No. 11-166-ART, 2011 WL 6150583 (E.D. Ky. Dec. 12, 2011); *Mattingly v. Chartis Claims, Inc.*, Civil Action No. 2011-48 (WOB-CJS), 2011 WL 4402428 (E.D.Ky. Sept. 20, 2011) (same); *Gibson v. Am. Mining Ins. Co.*, No. 7:08cv118, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008); *Wright v. Allstate Ins. Co.*, No. 03-501 (E.D. Ky. Mar. 5, 2004).  This is not such a case

    Defendant argues that the case before the Court is distinguishable from this line of case law because, while an insurance adjuster might be liable for bad faith under Kentucky law, Plaintiffs "do not allege any facts on which to base for bad faith or any other claim against Rowe," averring only that he was involved in adjusting Plaintiffs' loss which was denied in bad faith by IICNA.  Defendant argues that "the issue is not whether Plaintiffs *may* bring an action against Rowe [for bad faith]; rather, the issue is that Plaintiffs have failed to plead any action against Rowe."  [DE 7 at 4, Page ID#: 61.]  The Court agrees.  In the Complaint, Plaintiffs aver Rowe's residence and citizenship; that he was engaged to adjust the insurance claim by IICNA and inspected the damaged barn; that he gathered an estimate showing replacement cost value and actual cash value, returning to reinspect the barn on multiple

7

occasions; that he arranged for the inspection of the purlins and, together with test lab employees, inspected the purlins; that he received the submission of the test results from the test lab; and, in the alternative, that he either acted within the scope of his authority on behalf of IICNA or did not in adjusting the claim. Defendant argues that there is nothing wrongful or actionable with respect to Rowe's actions as described in the Complaint. Certainly, Plaintiffs aver that he inspected and reported on the damage to their barn, but there is no factual allegation that either his inspection or his report were completed in error or otherwise subject to criticism. Plaintiffs aver that, "relying on the inspections performed by Defendant Rowe and reports arranged by Defendant Rowe, IICNA refused coverage for the fire-damaged purlins. . ." such that the only averment of wrongdoing is against IICNA.

The Court agrees that Plaintiffs have "failed to allege a factual basis for an element of the[ir]. . . claim against the non-diverse defendant" Rowe. *Wells' Dairy*, 157 F. Supp.2d at 1037; *Alexander*, 13 F.3d at 949. Even if a claim for bad faith can lie against IICNA under Kentucky law for rendering a decision that relied on the materials that Rowe prepared or collected, the Court is not persuaded that Kentucky law provides for recovery against Rowe on the factual averments in the Complaint.

8

It is really quite simple. There must be *some* factual basis for the Complaint against a party. Where Plaintiffs have no hope of recovering against the non-diverse defendant, Rowe, this Court infers that the only possible reason for the plaintiff's claim against him was to defeat diversity and prevent removal. See *Smith*, 2011 WL 2731262 at *5. Resolving "all disputed questions of fact and ambiguities in the controlling...state law in favor of the nonremoving party," the Court concludes that removal was proper on these facts. *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). Defendant has borne the "heavy" burden of establishing fraudulent joinder in this matter. *See Walker*, 443 F. App'x at 953; *Alexander*, 13 F.3d at 949.

A case filed in state court is removable only if it could have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district

9

court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "statute has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The burden of establishing diversity jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Once Rowe's citizenship is disregarded, the remaining Plaintiffs and Defendant are clearly citizens of different states. With an amount in controversy that exceeds $75,000, the Court could have had original jurisdiction of this matter under 28 U.S.C. § 1332(a), and it was properly removed to this court pursuant to 28 U.S.C. § 1441(a).

Accordingly, **IT IS ORDERED** That Plaintiffs' Motion to Remand [DE 6] is **DENIED**.

This the 14th day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge